

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO** 2006 NOV -1  PM 1: 46
**EASTERN DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| Cedric Gates, | : | Case No. 1:05CV2762 |
| | : | |
| Petitioner | : | Judge Christopher A. Boyko |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Rick Gansheimer, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this petition in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality

of the sentences imposed upon him consequent to his March 31, 2000 convictions of robbery, upon

which he was sentenced to eleven years incarceration, and preparation of drugs for sale, upon

which he was sentenced to six months incarceration, to be served concurrently, for an aggregate

term of imprisonment of eleven years.[1]

Petitioner appealed his conviction to the Ohio Eighth District Court of Appeals, advancing

nine assignments of error:

> I.    The appellant was denied his due process rights in
>       violation of the Fifth and Fourteenth Amendments to the
>       United States Constitution and Article I, Section 10, of
>       the Ohio Constitution because the police line up caused

---

[1]Petitioner was acquitted on one count of possession of criminal tools.

1

a substantial likelihood of irreparable misidentification.

II.     The trial court erred when it admitted other acts
        testimony in violation of R.C. 2945.59, Evid. R. 404(B),
        and Mr. Gates' rights under Article I, Section 16 of the
        Ohio Constitution and the Fourteenth Amendment to the
        United States Constitution.

III.    The appellant was denied effective assistance of counsel
        in violation of the Sixth and Fourteenth Amendments to
        the United States Constitution and Article I, Section 10,
        of the Ohio Constitution.

IV.     The trial court committed plain error when it instructed
        the jury to the effect that Mr. Gates could be convicted
        of preparation of drugs for sale if he possessed
        marijuana without intending to sell it for valuable
        consideration.

V.      Mr. Gates was denied his rights to effective assistance of
        counsel guaranteed by Article I, Section 10 of the Ohio
        Constitution and the Sixth and Fourteenth Amendments
        to the United States Constitution when his attorney
        failed to object to the trial court's incorrect jury
        instructions as to Count Two.

VI.     The trial court denied Mr. Gates due process of law by
        failing to dismiss that portion of Count One relating to
        the use of a deadly weapon.

VII.    The trial court denied Mr. Gates due process of law by
        failing to dismiss Count Two because of insufficiency of
        the state's evidence.

VIII.   The trial court erred in sentencing Mr. Gates to an
        eleven-year sentence on Count One, Robbery, as a
        repeat violent offender.

IX.     The trial court erred in giving Mr. Gates a maximum
        sentence on Count Two.

On May 17, 2001 the state appellate court affirmed the judgment of conviction, but remanded the

2

AO 72A
(Rev. 8/82)

case for re-sentencing on the preparation of drugs offense due to the fact that the trial court erroneously considered the offense a felony of the fourth degree. On June 25, 2001 petitioner's motion for reconsideration was denied by the appellate court.

On August 9, 2001 petitioner appealed the appellate court ruling to the Ohio Supreme Court alleging the following three propositions of law:

> **Proposition of Law No. I:** In order to impose a sentence in excess of the statutory maximum on a repeat violent offender, there must be present at least one of the enumerated factors which R.C. 2929.12 specifically recognizes as making the offender's conduct more serious than conduct normally constituting the offense.

> **Proposition of Law No. II:** An object capable of inflicting death which is not specifically designed or adapted for use as a weapon can only be "deadly weapon" under R.C. 2923.11 when its possessor has a purpose to use the object as a weapon.

> **Proposition of Law No. III:** When a single count can be divided into more than one distinct theories of guilt, a trial court errs when it fails to instruct the jury that the jury must be unanimous in its determination that the defendant committed the offense under a particular theory.

On December 5, 2001 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner's motion for reconsideration was denied on December 5, 2001.

On March 5, 2002 petitioner filed with the United States Supreme Court a motion to proceed *in forma pauperis* and a petition for writ of certiorari in which he presented the following sole issue:

> **Question of Law One:** When a single count in an indictment charging a state offense can be divided into two or more distinct conceptual groupings, does due process require that the jury be instructed that, in order to reach a guilty verdict, the jury must

3

AO 72A
(Rev 8/82)

> unanimously conclude that the defendant committed acts falling
> within one such grouping?

The petition was denied on May 20, 2002.

While his direct appeal was pending in the state supreme court, petitioner filed with the lower appellate court an application to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, claiming that he had been denied the effective assistance of appellate counsel by reason of counsel's failure to argue that the trial court had erred in not submitting the repeat violent offender prerequisites to the jury and to fully present the issue of the trial court's failure to instruct the jury on the unanimity requirement regarding "the statutory manner in which the offense of robbery was committed." On August 5, 2002 the state appellate court denied that application.

Petitioner appealed to the state supreme court the denial of his Rule 26(B) application, arguing the same two claims as propositions of law. On November 20, 2002 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On December 2, 2002, in accordance with the state appellate court's mandate, the trial court re-sentenced petitioner to six months incarceration for preparation of drugs, a fifth degree felony. That sentence, journalized on December 26, 2002, was to be served concurrently with the eleven year sentence imposed for his robbery conviction, an aggregate sentence of eleven years incarceration.

Petitioner appealed that sentence to the Ohio Eighth District Court of Appeals, alleging three assignments of error:

4

AO 72A
(Rev. 8/82)

I.  The trial court erred when it failed to consider the resentencing as a sentencing de novo, and instead treated the resentencing as supplemental to the original sentencing.

II.  The trial court erred in not vacating the three-year enhancement under the repeat violent offender specification.

III.  The trial court erred in including mention of a post-release control term in its journal entry memorializing the sentence imposed when no mention was ever made at the time of sentencing regarding a post-release control term.

On March 25, 2004 the state appellate court affirmed the resentencing judgment of the trial court. The court found that the second assignment of error, in which petitioner argued that applying the United States Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) the repeat violent offender specification would be unconstitutional, had been raised and rejected upon direct appeal and in his Rule 26(B) application to reopen and, therefore, would be overruled based on law of the case.  Reconsideration was denied on April 19, 2004.

On June 3, 2004 petitioner appealed the state appellate court ruling to the Ohio Supreme Court alleging the following four propositions of law:

**Proposition of Law No. I:** Following reversal and remand by a court of appeals because of sentencing errors, a resentencing hearing is a sentencing de novo at which the entire sentence must be reconsidered.

**Proposition of Law No. II:** In order to impose a sentence in excess of the statutory maximum on a repeat violent offender, there must be present at least one of the enumerated factors which R.C. 2929.12 specifically recognizes as making the offender's conduct more serious than conduct normally constituting the offense.

**Proposition of Law No. III:** The enhanced sentence provision for repeat violent offenders is unconstitutionally violative of the Sixth Amendment right to trial by jury.

5

AO 72A
(Rev. 8/82)

> **Proposition of Law No. IV:** A trial court errs in including mention of a post-release control term in its journal entry memorializing the sentence imposed when no mention was ever made at the time of sentencing regarding a post-release control term. The appropriate appellate relief is vacation of the post-release control term.

On September 1, 2004 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On May 20, 2003 petitioner filed his first petition for writ of habeas corpus, Case No. 1:03CV0953, in which he identified December 26, 2002 (the date of journalization of the re-sentencing judgment entry) as the judgment being challenged, alleging the following three grounds for relief:

> **A.** **Ground One:** The trial court denied Mr. Gates federal due process when it sentenced him contrary to the dictates of Ohio law.
>
> **B.** **Ground Two:** The evidence supporting the conviction for robbery was insufficient and thus the conviction for robbery is in violation of federal due process.
>
> **C.** **Ground Three:** Mr. Gates was denied federal due process when the jury was not instructed that it had to be unanimous as to at least one of two distinct manners in which the crime of robbery in Count One could be committed.

On May 27, 2005, Magistrate Judge James Gallas recommended that the petition be denied. On September 12, 2005 Judge Patricia Gaughan adopted the recommendation, denied the habeas petition, and denied a certificate of appeal.

Although petitioner appealed that ruling to the Sixth Circuit Court of Appeals the appeal was dismissed sua sponte on December 28, 2005 due to his failure to pay the requisite filing fee

6

by the appointed date. There was no motion for reconsideration filed, nor was there an appeal from the dismissal.

On August 20, 2003, while the first petition for writ of habeas corpus was pending, petitioner, acting pro se, filed a second petition for writ of habeas corpus, this time identifying the date of his original conviction and sentencing as the judgment being challenged, alleging the following four grounds for relief:

A.   **Ground One:**  Petitioner was denied due process and equal protection of law when the trial court sentenced petitioner in excess of the statutory maximum in violation of R.C. 2929.12.

B.   **Ground Two:** Petitioner was denied due process of law when the court allowed petitioner to be with a "deadly weapon" contrary to the purpose and intent of R.C. 2923.11.

C.   **Ground Three:** Petitioner was denied due process of law by the trial court's failure to properly instruct the jury.

D.   **Ground Four:** Petitioner was denied due process of law by the trial court's failure to grant petitioner a new trial pursuant to Criminal [Rule] 33.

On November 17, 2003 respondent moved to dismiss the second petition, arguing that it was a successive petition, in response to which petitioner, after having been assigned counsel, filed a motion to withdraw the petition. On February 20, 2004, the date upon which that motion was filed, Magistrate Judge Jack Streepy issued a recommended decision stating that "for the reasons set forth in [Gates'] supporting brief," the motion to withdraw should be granted. Judge Gaughan accepted that recommendation on March 9, 2004, and dismissed the second petition.

Petitioner, acting through counsel, filed the instant petition, his third, on November 29, 2005, while the appeal from the denial of his first petition was pending in the Sixth Circuit. This

7

AO 72A
(Rev 8/82)

petition identifies the conviction being challenged as "December 2, 2002," the date of the resentencing hearing upon the original convictions,[2] and asserts the following sole claim for relief:

> **A. Ground One:** Ohio's Repeat Violent Offender statute is unconstitutional on its face because it provides for a sentence of 1 to 10 years in excess of the maximum sentence otherwise provided by law on the basis of judicial findings and without opportunity for a jury's determination, all in violation of the Sixth Amendment.

Respondent asserts that this claim for relief was exhausted in the state courts during the pendency of petitioner's first habeas petition,[3] but that he failed to attempt to amend that petition to include this claim for relief. Petitioner agrees that this claim was presented at resentencing and the appeals thereafter, but states that he failed to include it in his previous habeas petitions "because, at the time that [earlier] petition was filed, the matter was still being litigated in State court and would have been a mixed petition."

Respondent further argues that as a successive petition, the instant petition must be transferred to the Sixth Circuit Court of appeals to determine whether it may proceed. In response, petitioner agrees that the appellate court must decide in the first instance whether the petition may proceed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[4]

---

[2] The resentencing was not journalized until December 26, 2002.

[3] The state supreme court denied leave to appeal on September 1, 2004, but the report and recommended decision of Magistrate Gallas on petitioner's first habeas petition was not issued until May 27, 2005.

[4] There are no issues of untimeliness in this case.

8

AO 72A
(Rev 8/82)

The pertinent provision of AEDPA addressing successive petitions, 28 U.S.C. §2244(b),

states in pertinent part:

> §2244 Finality of determination
>
> * * * * *
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A) Before a second or successive application permitted by this section is filed in the district courts, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

(Emphasis added.)

The highlighted section, §2244(b)(3)(A), known as the "gatekeeper provision," required

petitioner to first obtain the authorization of the Sixth Circuit Court of Appeals before filing his

9

successive petition for writ of habeas corpus in this court. See, §671.10 (2)(iii) Moore's Federal Practice, Criminal Procedure. In a case such as this where that procedure is not followed and the petitioner files a successive petition with the district court prior to obtaining the appellate court's authorization to do so, then the district court is required, pursuant to 28 U.S.C. §1631, to transfer the case to the Sixth Circuit for the appropriate review and determination pursuant to §2244(b)(3). In re Bowling, 422 F.3d 434, 440 (6th Cir. 2005); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997), citing Liriano v. United States, 95 F.3d 119, 122 (2nd Cir. 1996). Upon transfer, the appellate court will determine whether the petitioner has met the requirements of §2244(b)(2). Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999); In re Green, 144 F.3d 384, 388 (6th Cir. 1998).

In light of all the foregoing it is recommended that the instant petition for writ of habeas corpus be deemed a successive petition, and as such be transferred to the Sixth Circuit Court of Appeals for consideration in accordance with §2244(b)(2) as to whether the district court may consider the petition.

DAVID S. PERELMAN
United States Magistrate Judge

DATE:    November 1, 2006

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d

10

947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

11